PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

### Superseding Petition for Summons for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 44 ]

Name of Offender: Christopher Bell  Case Number: 3:07-00248

Name of Judicial Officer: The Honorable Kevin H. Sharp, U.S. District Judge

Date of Original Sentence: November 30, 2009

Original Offense: 18 U.S. C.§922(j): Possession of a Stolen Firearm

Original Sentence: 60 months' custody and 3 years' supervised release

Type of Supervision: Supervised Release  Date Supervision Commenced: July 15, 2013

Assistant U.S. Attorney: Blanche B. Cook  Defense Attorney: Sumter L. Camp

---

### PETITIONING THE COURT
___ To issue a Summons
___ To issue a Warrant
_X_ To Consider Additional Violations / Information

---

### THE COURT ORDERS:
☑ Consideration of Additional Violations / Information
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this 8th day of May, 2014, and made a part of the records in the above case.

_____
Kevin H. Sharp
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Donna Jackson
Intensive Supervision Specialist

Place  Nashville, TN

Date  May 6, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 44, has been amended as follows:

**Violations No. 1 - 3 have been modified to include the disposition of the state charges.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

1.    **The Defendant shall not commit another federal, state or local crime.**

Mr. Bell was arrested by the Nashville Metropolitan Police Department on April 2, 2014, and charged with Sex Offender Registration Violation - 1st Offense. Mr. Christopher Bell is a registered violent sexual offender in Nashville, Tennessee. Violent offenders are required to report in person every March, June, September, and December to their registering agency. Mr. Bell did not report in March 2014 as required by law, a Class E Felony.

Mr. Bell pled guilty on April 8, 2014, to a lesser charge of Attempted Sex Offender Registration Violation 1st Offense. He received a sentence of 90 days to serve.

2.    **The Defendant shall not commit another federal, state or local crime.**

Mr. Bell was arrested by the Nashville Metropolitan Police Department on April 2, 2014, and charged with Sex Offender Registration Violation - 1st Offense. Mr. Christopher Bell is a registered violent sexual offender in Nashville, Tennessee. Violent offenders are required to pay the specified administrative cost of $150 each March to their designated law enforcement agency. Mr. Bell has failed to pay his 2013 administrative cost as required by law, a Class E Felony.

Mr. Bell pled guilty on April 8, 2014, to a lesser charge of Attempted Sex Offender Registration Violation 1st Offense. He received a sentence of 90 days to serve.

3.    **The Defendant shall not commit another federal, state or local crime.**

Mr. Bell was arrested by the Nashville Metropolitan Police Department on April 2, 2014, and charged with Sex Offender Registration Violation - 1st Offense. Mr. Christopher Bell is a registered violent sexual offender in Nashville, Tennessee. Violent offenders are required to pay the specified administrative cost of $150 each March to their designated law enforcement agency. Mr. Bell failed to pay his 2014 administrative cost as required by law, a Class E Felony.

Mr. Bell pled guilty on April 8, 2014, to a lesser charge of Attempted Sex Offender Registration Violation 1st Offense. He received a sentence of 90 days to serve.

## Compliance with Supervision Conditions and Prior Interventions:

Mr. Bell began his term of supervised release on July 15, 2013, and he is currently scheduled to terminate supervision on July 14, 2016. Mr. Bell has no previous violations of supervision. Upon his release from custody, he completed a mental health/substance abuse assessment with Centerstone Mental Health and treatment was not recommended. Mr. Bell has been on random phase drug testing while on supervision and has always tested negative of any illegal substances.

Mr. Bell is currently in the custody of the State of Tennessee serving his sentence.

## Update of Offender Characteristics:

There is no additional information relevant to this section that has not already been provided in this petition.

## U.S. Probation Officer Recommendation:

A warrant has been issued for Christopher, and it is recommended that this additional information be considered at the revocation hearing before the Court.

Assistant U.S. Attorney Blanche B. Cook concurs with the probation officer's recommendation for a warrant.


Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. CHRISTOPHER BELL, CASE NO. 3:07-00248

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** Post April 30, 2003   Protect Act Provisions

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 8 - 14 months *U.S.S.G. § 7B1.4* | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment *18 U.S.C. 3583(h)* | 1 - 3 years *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

In the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4(term of imprisonment) is more than one month but not more than six months, the minimum term may be satisfied by a sentence of imprisonment or a sentence of imprisonment that includes a term of confinement or home detention according to the schedule in § 5C1.1(e), for any portion of the minimum term, U.S.S.G. § 7B1.3(c)(1).

Respectfully Submitted,

Donna Jackson
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Christopher Bell

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:07CR00248 - 1

3. **District/Office** Middle District of Tennessee / Nashville

4. **Original Sentence Date** 11 / 30 / 2009
                              *month   day   year*

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall not commit another federal, state or local crime | C |
| Shall not commit another federal, state or local crime | C |
| Shall not commit another federal, state or local crime | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — **C**

9. **Criminal History Category** *(see §7B1.4(a))* — **VI**

10. **Range of Imprisonment** *(see §7B1.4(a))* — **8 - 14 months**

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Christopher Bell

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($)        _____    Home Detention          _____

    Other          _____    Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**
    List aggravating and mitigating factors that may warrant a
    sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days